United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                          Case No. 16-11177-mdc
Robert S. Sweet                                                 Chapter 13
         Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: John          Page 1 of 1          Date Rcvd: Jan 12, 2017
                              Form ID: pdf900     Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 14, 2017.
db             +Robert S. Sweet,    1808 Arnold Street,    Philadelphia, PA 19152-1825

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jan 13 2017 02:19:01      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
                                                                                               TOTAL: 1

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 14, 2017                                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 12, 2017 at the address(es) listed below:
          JENIECE D. DAVIS    on behalf of Creditor    SETERUS, INC AS SERVICER FOR FEDERAL NATIONAL MORTGAGE
           ASSOCIATION Jeniece@MVRLAW.COM,    bonnie@mvrlaw.com
          JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Nationstar Mortgage LLC bkgroup@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          MATTHEW CHRISTIAN WALDT    on behalf of Creditor    Nationstar Mortgage LLC mwaldt@milsteadlaw.com,
           bkecf@milsteadlaw.com
          RAYMOND M. KEMPINSKI    on behalf of  Raymond  Kempinski ray@colemankempinski.com,
           ray@colemankempinski.com
          RAYMOND M. KEMPINSKI    on behalf of Debtor Robert S. Sweet ray@colemankempinski.com,
           ray@colemankempinski.com
          THOMAS I. PULEO    on behalf of Creditor    Nationstar Mortgage LLC tpuleo@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                               TOTAL: 8

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Robert S. Sweet, | : | |
| Debtor. | : | Bankruptcy No. 16-11177-MDC |

# O R D E R

**AND NOW**, upon consideration of the Application for Compensation and Reimbursement of Expenses (the "Application")[1] filed by Raymond Kempinski, Esquire (the "Applicant"), counsel to Robert S. Sweet (the "Debtor"), in which the Applicant requests the allowance of compensation in the amount of $3,000.00 and the reimbursement of expenses in the amount $365.00.

**AND**, the Applicant having been paid $1,365.00 by the Debtor prior to the filing of the petition (the "Pre-Paid Amount").

**AND**, upon the Applicant's certification that proper service has been made on all interested parties.

**AND**, upon the Applicant's certification of no response.

**AND**, the Court of Appeals having held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," *In re Busy Beaver Bldg. Centers, Inc*., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

**AND**, the Court of Appeals also having instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief."

---

[1] Bankr. Docket No. 31.

**AND**, this case involving the representation of a below-median debtor. *See, e.g., see generally* 11 U.S.C. §1325(b) (establishing different standards for measuring plan confirmability depending upon whether the debtor's is above median or below median).

**AND**, pursuant to L.B.R. 2016-2(a)(1), the court being authorized to allow counsel fees in chapter 13 cases involving above-median debtors of $3,000.00 based on a "short form application," that does not require an itemization of time.

**AND**, the Applicant having failed to provide any details regarding the expense for which he seeks reimbursement.

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART** and **DENIED IN PART**.

2. Compensation is allowed in favor of the Applicant in the total amount of $3,000.00 and reimbursement of expenses is allowed in favor of the Applicant in the amount of $0.00 (the "Allowed Compensation and Expenses"). *See* L.B.R. 2016-1(f) (governing procedure for disposition of fee applications without a hearing).

3. The Trustee is authorized to distribute to the Applicant the Allowed Compensation and Expenses less the Pre-Paid Amount as an administrative expense pursuant to 11 U.S.C. §§330, 331, 503(b).

Dated: January 11, 2017

_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Raymond M. Kempinski, Esquire
Law Office of Raymond Kempinski
1700 Market Street, Suite 1005
Philadelphia, PA 19103

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107

2

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

Courtroom Deputy
Eileen Godfrey